# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

    Plaintiff,

vs.

FUN F/X II, INC. and CAO ENTERPRISES
II, LLC,

    Defendants.

Case No.

Honorable

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Frankenmuth Mutual Insurance Company ("Frankenmuth"), by counsel, brings this action for Declaratory Judgment, and in support thereof alleges as follows:

## INTRODUCTION AND BACKGROUND

1. This is a Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 and 2202, respectively, in which Frankenmuth seeks a determination of the its rights and responsibilities under an insurance policy issued by Frankenmuth to Fun F/X II, Inc. and Cao Enterprises II, LLC (hereinafter collectively "Fun F/X Defendants").

2. This declaratory judgment action arises in response to a claim by or behalf of one or more Fun F/X Defendants seeking coverage from Frankenmuth in connection with losses suffered as a result of a July 26, 2019 fire (hereinafter "Fire") at a warehouse located at 1000 W. Sample Street in South Bend, Indiana (hereinafter "Warehouse")

3. Upon information and belief, both Fun FX Defendants claim an interest in the warehouse, the property, and/or the real property involved in the Fire.

4. The Fun F/X Defendants seek to recover from Frankenmuth certain property losses relating to the warehouse and its contents resulting from the Fire.

5. Frankenmuth does not believe there is coverage for the Fun F/X Defendants' claim, and has declined coverage for this matter following its investigation of the claim.

6. Frankenmuth believes that certain terms, conditions, and exclusions in the policy issued to the Fun F/X Defendants preclude coverage for the Fire and any losses resulting therefrom.

7. Frankenmuth seeks a determination that there is no coverage for the Fun F/X Defendants under the Frankenmuth Policy, and that it does not have any obligation to provide payment to the Fun F/X Defendants in connection with any alleged losses resulting from the Fire.

**PARTIES**

8. At all times hereinafter mentioned, Plaintiff Frankenmuth was and is a corporation duly formed and existing by virtue of the laws of the State of Michigan with its principal place of business in the State of Michigan.

9. Upon information and belief, at all times hereinafter mentioned Defendant Fun F/X II, Inc. was and is a corporation duly formed and existing by virtue of the laws of the State of Indiana with its principal place of business in the State of Indiana.

10. Upon information and belief, at all times hereinafter mentioned Defendant Cao Enterprises II, LLC was and is a limited liability company duly formed and existing by virtue of the laws of the State of Indiana with its principal place of business in the State of Indiana.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs.

12. This Court has personal jurisdiction over the Fun F/X Defendants because at all times relevant hereto the defendants were domiciled, located, or resided in the State of Indiana, transacted business in the State of Indiana, enjoyed legal status or capacity within the State of Indiana, and/or engaged in other activities within the State of Indiana.

13. The exercise of personal jurisdiction by this Court over the aforementioned entities is otherwise appropriate under Indiana's Due Process Clause, and does not offend against traditional notions of justice or fair play or the due process of law.

14. Venue lies in this Court pursuant to 28 U.S.C. §1391(b)(2) because the events or omissions giving rise to the claim at issue occurred in this district.

**CLAIM FOR DECLARATORY RELIEF**

15. Declaratory relief and other appropriate relief are requested pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

16. Frankenmuth issued Commercial Package Policy No. CPP6617591 to the Fun F/X Defendants for the period of March 22, 2019 to March 22, 2020 ("Policy"). A certified copy of the Frankenmuth Policy is attached hereto as Exhibit A.

17. Frankenmuth disputes that any coverage obligation is owed under that Policy in connection with the Fun F/X Defendants' claim seeking losses from the Fire based upon its investigation and the application of certain terms, conditions, and exclusions in the Policy which apply to preclude coverage.

3

18. There is a real, substantial and justiciable issue in controversy between the parties hereto with respect to the parties' rights and obligations in connection with coverage for the claim asserted by the Fun F/X Defendants under the Policy, which sets forth those rights and obligations.

19. A judicial determination and a declaration of the rights and obligations of the parties hereto is necessary and appropriate at this time because Frankenmuth has no other adequate remedy at law which will resolve the current controversy.

## THE FRANKENMUTH POLICY

20. The Frankenmuth Policy issued to the Fun F/X Defendants provides Commercial Property coverage, subject to the terms, conditions, exclusions, and provisions therein.

21. The Policy provides that Frankenmuth will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss, as those terms are defined and described in the Policy. The Warehouse located at 1000 W. Sample Street, South Bend, Indiana is identified in the Declarations.

22. The Policy sets forth the types of property that constitute Covered Property under the Policy, and the types of property that constitute Property Not Covered.

23. The Policy contains the following Conditions relating to Protective Safeguards applicable to the Fun F/X Defendants and the Warehouse:

**Protective Safeguards**
1. As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.
2. The protective safeguards to which this endorsement applies are identified by the following symbols:

>  **"P-1" Automatic Sprinkler System,** including related supervisory services.
>  Automatic Sprinkler System means:
>  a. Any automatic fire protective or extinguishing system, including connected:
>     (1) Sprinklers and discharge nozzles;
>     (2) Ducts, pipes, valves and fittings;
>     (3) Tanks, their component parts and supports; and
>     (4) Pumps and private fire protection mains.
>  b. When supplied from an automatic fire protective system:
>     (1) Non-automatic fire protective systems; and
>     (2) Hydrants, standpipes and outlets.

24.     The Policy also contains the following Exclusions relating to Protective Safeguards applicable to the Fun F/X Defendants and the Warehouse:

> We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:
>
> 1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or
>
> 2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.
>
> If part of an Automatic Sprinkler System or Automatic Commercial Cooking Exhaust And Extinguishing System is shut off due to breakage, leakage, freezing conditions or opening of sprinkler heads, notification to us will not be necessary if you can restore full protection within 48 hours.

## BASES FOR LACK OF COVERAGE

25.     Pursuant to the terms of the Policy, coverage is not provided for Fun F/X's claim, including based upon the above conditions and exclusions.

26.     Specifically, the Protective Safeguard Endorsement in the Policy requires as a condition to any insurance thereunder that the Fun F/X Defendants maintain an Automatic Sprinkler System, including related supervisory services, at the Warehouse as a protective safeguard.

27.     "Automatic Sprinkler System" is defined in the Policy to include automatic fire protective or extinguishing systems, including connected sprinklers and discharge

nozzles, ducts, pipes, valves and fittings, tanks, their component parts and supports, and pumps and private fire protection mains, and non-automatic fire protective systems, hydrants, standpipes and outlets when supplied from an automatic fire protective system.

28. As a condition to coverage, insurance under the Policy is dependent upon Fun FX's full compliance with this condition.

29. The Fun F/X Defendants did not maintain the Automatic Sprinkler System at the Warehouse during the Policy as required by the Policy.

30. The Fun F/X Defendants violated the conditions relating to Protective Safeguards required for coverage under the Policy. Consequently, no coverage is afforded for the Fun F/X Defendants' claim.

31. The Protective Safeguard Endorsement in the Policy also provides that Frankenmuth has no obligation to pay for loss or damage caused by or resulting from fire if, prior to the fire, the Fun F/X Defendants knew of any suspension or impairment to the Automatic Sprinkler System and failed to notify Frankenmuth.

32. The Fun F/X Defendants knew of the suspension or impairment to the Automatic Sprinkler System prior to the Fire, and failed to notify Frankenmuth.

33. Coverage is excluded under the Protective Safeguards Exclusion for the Fun F/X Defendants' claims relating to the Fire.

34. The Protective Safeguard Endorsement in the Policy further provides that Frankenmuth has no obligation to pay for loss or damage caused by or resulting from fire if, prior to the fire, the Fun F/X Defendants failed to maintain the Automatic Sprinkler System, over which it had control, in complete working order.

35. The Fun F/X Defendants failed to maintain the Automatic Sprinkler System in complete working order prior to the Fire.

36. The Fun F/X Defendants had control over the Automatic Sprinkler System at the Warehouse.

37. Coverage is excluded under the Protective Safeguards Exclusion for the Fun F/X Defendants' claims relating to the Fire.

38. Frankenmuth has no obligation to provide any insurance to the Fun F/X Defendants under the Policy in connection with their claims relating to the Fire.

39. The Fun FX Defendants' claims otherwise may include amounts that do not constitute Covered Property under the Policy, do not arise from a Covered Cause of Loss, which are disputed by Frankenmuth with respect to value or proof, and/or are subject to other Policy terms, conditions, exclusions, or endorsements.

40. Insurance coverage under the Frankenmuth Policy for the Fun F/X Defendants' claim therefore also may not be covered or may be excluded or limited, in whole or in part, by other terms, conditions, exclusions, and provisions in the Policy and/or applicable laws, regulations, standards, or practices.

41. One or more declarations from this Court on these issues thus are necessary to resolve these matters.

**COUNT I:  DECLARATORY JUDGMENT REGARDING INSURANCE COVERAGE**

42. Plaintiff Frankenmuth incorporates, as if fully set forth herein, the allegations contained within Paragraphs 1 through 41 of this Complaint.

43. Frankenmuth reasonably disputes that insurance coverage is owed to the Fun F/X Defendants in connection with the July 26, 2019 Fire.

44. Frankenmuth believes that certain terms, conditions, exclusions, and endorsements in the Policy, including as set forth herein, apply to preclude coverage for the Fun FX Defendants' claims relating to the Fire.

45. Frankenmuth is entitled to a declaration from this Court that Frankenmuth has no obligation to provide insurance coverage to the Fun F/X Defendants under the Policy and applicable law in connection with the Fire.

46. Frankenmuth also relies upon the terms, definitions, exclusions, conditions, and endorsements in the Policy, as attached to this Complaint, as well as applicable law, that preclude or limit insurance coverage, in whole or in part, including as may be determined by Frankenmuth's further investigation relating to the Fire or this declaratory judgment action.

47. As other issues relating the availability of coverage in connection with this claim may arise in connection with the Policy, Frankenmuth requests that the Court issue one or more other declarations as appropriate to fully resolve all disputes and matters that are at issue or that are placed at issue in this action.

WHEREFORE, Plaintiff Frankenmuth Mutual Insurance Company prays for the following relief:

1. For a declaration that Frankenmuth has no obligation to provide coverage for the Fun F/X Defendants' claim relating to losses from the July 26, 2019 Fire;

2. For its reasonable attorneys' fees and costs incurred in prosecuting this action and seeking this relief; and

3. For such other declarations and/or other relief that is just and proper herein.

Respectfully submitted,

DATED:  January 24, 2020          /s/ Bradford S. Moyer
                                  Bradford S. Moyer (25964-49)
                                  PLUNKETT COONEY
                                  300 N. Meridian Street, Suite 990
                                  Indianapolis, IN 46204
                                  (317) 974-5744
                                  (317) 964-2744 (Fax)
                                  bmoyer@plunkettcooney.com

Open.03190.93584.23429403-2