UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-76-DRL-MGG |
| FUN F/X II, INC. and CAO ENTERPRISES II, LLC, | |
| Defendants. | |

OPINION & ORDER

A fire damaged a Fun F/X warehouse in 2019. Frankenmuth Mutual Insurance Company seeks a declaratory judgment that its insurance policy provides no coverage to Fun F/X II, Inc. or Cao Enterprises II, LLC for the fire damage. Under Fed. R. Civ. P. 12(c), the two insured companies (called Fun F/X for ease here) now request judgment on the pleadings as to this declaratory judgment claim and certain affirmative defenses. The court denies the motion.

BACKGROUND

On July 26, 2019, Fun F/X sustained losses when a fire damaged its warehouse in South Bend. Frankenmuth declined insurance coverage. In this suit, Frankenmuth says certain terms in its insurance policy preclude coverage. Specifically, Frankenmuth posits that a protective safeguard endorsement required Fun F/X to maintain an automatic sprinkler system as a condition of coverage and that a related exclusion bars coverage because that system proved inoperable.

The protective safeguards endorsement states that, "[a]s a condition of this insurance, [Fun F/X is] required to maintain the protective devices or services listed in the Schedule above," which schedule included an automatic sprinkler system defined as "[a]ny automatic fire protective or extinguishing system," including connected sprinklers, pipes, tanks, and pumps (ECF 1-1 at 18, 20,

53). The policy excludes coverage when Fun F/X "[k]new of any suspension or impairment in any protective safeguard" or otherwise "[f]ailed to maintain any protective safeguard" in "complete working order" (ECF 1-1 at 54). Fun F/X says it had a sprinkler system.

In the pleadings, Frankenmuth and Fun F/X dispute the effect of the endorsement and related exclusion. Frankenmuth asserts the endorsement as the basis for its declaratory judgment in its complaint and as replicated affirmative defenses (its fourth, fifth, and eighth defenses) to Fun F/X's counterclaim for coverage. Fun F/X likewise asserts this issue as an affirmative defense (its second defense) in answer to Frankenmuth's complaint. The motion here seeks judgment on the declaratory judgment claim as well as all implicated defenses.[1]

## STANDARD

After the pleadings close, a party may move for judgment under Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). The movant is entitled to such a judgment when it appears "beyond doubt" that the nonmoving party "cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The court remains confined to the pleadings and must review allegations in the light most favorable to the nonmoving party. *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005). The pleadings traditionally include "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc.,* 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)).

---

[1] Fun F/X pivots in reply to say it seeks only "a partial judgment on the issue whether it satisfied the PSE condition to maintain an automatic sprinkler system, given its ambiguity" (ECF 22 at 2), but then reverts back to its motion at the end of briefing that seeks judgment in total on the declaratory judgment claim and affirmative defenses (ECF 19 at 8-9; ECF 22 at 6).

DISCUSSION

The court needn't tarry long on this motion. Fun F/X argues that the word "maintain" is ambiguous in the protective safeguards endorsement so that it should be construed against the drafter (Frankenmuth) in such a way that Fun F/X achieves coverage. On these pleadings, that's like shooting for a hole-in-one on a par five—it's not going to happen.

Fun F/X invites an interpretation of "maintain" that means merely that the automatic sprinkler system was in place, not that it must be in working order. Fun F/X says it complied with this requirement. Even were the court inclined to view the word in a vacuum as ambiguous, *see, e.g., Breton, LLC v. Graphic Arts Mut. Ins. Co.*, 446 F. Appx. 598, 603-04 (4th Cir. 2011) (finding "maintain" ambiguous in a comparable protective safeguards endorsement at summary judgment), a word is known by the company it keeps, *see, e.g., United States v. Williams*, 553 U.S. 285, 294 (2008) ("meanings are narrowed by the commonsense canon of *noscitur a sociis*"), including in contracts. The policy's language in full doesn't support Fun F/X's motion here—not based on the pleadings alone.

To that point, the complaint precludes this early judgment, including judgment on the declaratory claim and the affirmative defenses. The complaint plainly alleges that Fun F/X didn't maintain an automatic sprinkler system at the warehouse at the time (ECF 1 ¶ 29). Whatever the meaning of this operative word, a judgment must await a factual record because at this stage the court must take Frankenmuth's well-pleaded allegation that Fun F/X didn't maintain that system as true. *See Blagojevich*, 408 F.3d at 355.

As a practical matter, the court has significant discretion to entertain declaratory relief. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010); *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 714 (7th Cir. 2009). This discretion comes from the plain text of the Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a). Piecemeal declaratory rulings are disfavored. *See, e.g.,* Fed. R. Civ. P. 57 advis. comm. n. (1937). The controversy here, as adumbrated by the complaint,

well exceeds the mere meaning of the word "maintain." It concerns the operation of the whole protective safeguards endorsement and the policy's related exclusion. Dismissal of the entire declaratory judgment claim thus isn't appropriate.

## CONCLUSION

Based on the pleadings, Fun F/X hasn't shown beyond doubt that Frankenmuth cannot prove any facts that would support its declaratory judgment claim or the manner in which the defenses at issue should resolve. Whether Fun F/X maintained an automatic sprinkler system and thus complied with the endorsement and whether the policy's exclusion bars coverage are issues that must await a full record. Accordingly, the court DENIES the motion for judgment on the pleadings (ECF 18).

SO ORDERED.

November 6, 2020                                              *s/ Damon R. Leichty*
                                                              Judge, United States District Court