UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:20-cv-76-DRL-MGG |
| vs. | ) ) ) | Hon. Damon R. Leichty<br>Mag. Michael G. Gotsch |
| FUN F/X II, INC. and CAO ENTERPRISES II, LLC, | ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants, | ) ) ) | |
| FUN F/X II, INC. and CAO ENTERPRISES II, LLC, | ) ) ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Counterclaim-Defendant. | ) | |

**PLAINTIFF FRANKENMUTH MUTUAL INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Frankenmuth Mutual Insurance Company ("Frankenmuth"), by counsel, respectfully moves this Court for entry of an Order granting summary judgment and issuing declaratory judgment in favor of Frankenmuth pursuant to Federal Rules of Civil Procedure Rule 56 and 57 and 22 U.SC. §2201 pursuant to exclusions contained in the Protective Safeguard Endorsement ("PSE") in the policy at issue. In so moving, Frankenmuth simultaneously moves the Court for an Order granting summary judgment on Defendants' counterclaim for breach of contract in favor of Frankenmuth based upon

the lack of coverage for Defendants' claims pursuant to the referenced exclusions, and in support thereof states as follows:

1. Defendants Fun F/X II, Inc. and Cao Enterprises II, LLC contracted with Frankenmuth for a Commercial Package Policy bearing number CPP6617591 for the period of March 22, 2019 to March 22, 2020 ("Policy"). (Doc. 1-1). The Policy provided certain property damage coverage relative to an industrial warehouse building operated by Defendants located at 1000 W. Sample Street in South Bend, Indiana ("Premises").

2. Defendants have sought coverage under the Policy in connection with losses resulting from a July 26, 2019 fire at the Premises.

3. The Policy required inclusion of a Protective Safeguard Endorsement (PSE), along with an active and working automatic sprinkler system at the Premises.

4. The PSE in the Policy expressly and unequivocally excludes coverage for any loss or damage where Defendants either knew of any suspension or impairment to the automatic sprinkler system as defined ("System"), and failed to notify Frankenmuth, or failed to maintain the System in complete working order.

5. While a violation of either of the above requirements results in an exclusion of coverage under the Policy, Defendants in fact breached both provisions.

6. Specifically, Defendants knew that the System lacked a water supply and therefore was non-operational yet admittedly never advised Frankenmuth of that fact. Defendants separately failed to ensure that the System was in fact operational and in complete working order at the time of the fire.

7. The lack of a water source to the System ***for nearly two years*** renders the System incapable of performing its intended function of automatically extinguishing fires,

plainly requires notice to Frankenmuth, and demonstrates that the System clearly was not in "complete working order" when it completely lacked a water supply. Any arguments and conclusions to the contrary defy not only the plain language of the PSE but also basic logic, reason, and common sense.

8. In sum, no coverage is warranted for Defendants' claims for coverage, and their counterclaim unfounded, given their violation of the Policy's PSE expressly mandating an automatic sprinkler system at the Premises that was fully functioning, and notification of Frankenmuth of *any* impairment or suspension that prevented it from working completely. Defendants knew for years that their sprinkler system was inoperable as it lacked a fundamental component – a water supply – yet never advised Frankenmuth or otherwise bothered to take steps to correct the inadequate and non-functioning system.

9. Defendants' violation of the clear and explicit exclusions in the PSE precludes any coverage under the Policy for the fire losses at issue.

10. Frankenmuth also relies upon the accompanying Memorandum of Law in Support.

WHEREFORE, Frankenmuth Mutual Insurance Company respectfully requests that the Court issue one or more Orders:

    a. Granting summary judgment in its favor and against the Defendants Fun F/X II, Inc. and CAO Enterprises II, LLC as to its claims for declaratory judgment pursuant to the Frankenmuth Policy's exclusions;

    b. Granting summary judgment in its favor and against Counter-Plaintiffs Fun F/X II, Inc. and CAO Enterprises II, LLC as to their Counterclaim for Breach of Contract;

    c. Issuing declaratory judgment or relief in connection with the foregoing;

    d.      Awarding Frankenmuth its reasonable attorneys' fees and costs incurred in prosecuting this action and seeking this relief through this action and this Motion; and

    e.      Issuing such other relief in Frankenmuth's favor as the Court deems appropriate.

                          Respectfully submitted,

DATED: November 30, 2021        */s/ Bradford S. Moyer*
                                          Bradford S. Moyer (#25964-49)
                                          John F. Sullivan (P.H.V)
                                          PLUNKETT COONEY
                                          201 North Illinois Street
                                          South Tower, Suite 16
                                          Indianapolis, Indiana 46204
                                          317.964.2738
                                          317.964.2744 (fax)
                                          bmoyer@plunkettcooney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF. Parties may access this filing through the Court's system:

Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, IL 60602
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com

/s/  Bradford S. Moyer
Bradford S. Moyer (25964-49)

Open.03190.93584.27616171-1

Open.03190.93584.24534589-1