## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:20-cv-76-DRL-MGG |
| vs. | ) ) ) | Hon. Damon R. Leichty<br>Mag. Michael G. Gotsch |
| FUN F/X II, INC. and CAO ENTERPRISES II, LLC, | ) ) ) ) | |
| Defendants, | ) ) | |
| FUN F/X II, INC. and CAO ENTERPRISES II, LLC, | ) ) ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Counterclaim-Defendant. | ) | |

**PLAINTIFF FRANKENMUTH MUTUAL INSURANCE COMPANY'S MOTION TO STRIKE INADMISSIBLE EVIDENCE FROM DEFENDANTS' STATEMENT OF <u>MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Frankenmuth Mutual Insurance Company ("Frankenmuth"), pursuant to Local Rule 7.1, respectfully submits the following Motion to Strike Inadmissible Evidence from Defendants' Statement of Material Facts ("DSOMF") filed by Defendants Fun F/X II, Inc. and Cao Enterprises II, LLC (collectively "Defendants") in connection with their Motion for Summary Judgment.

1

## I.     INTRODUCTION AND BACKGROUND

Certain paragraphs and Exhibits from Defendants' DSOMF are unsupported by evidence in the record and admissible at trial and should be stricken from Defendants' Memorandum in Support of their Motion for Partial Summary Judgment.

Plaintiff respectfully submits that the following DSOMF and Exhibits referenced therewith should be stricken and or otherwise not accepted as evidence in connection with Defendants' Motion for Summary Judgment for the reasons stated below.

1.     (DSOMF ¶ 18): "At the time of the fire, an automatic sprinkler system was in place and existed at the 1000 West Sample Street property ("the sprinkler system")." [Butts Dep. Tr. at p. 66:15-20; Defendants' Supplemental Response to Request for Admissions, ¶¶ 21-22, 16 and 23 (Appendix 3)].

**Basis to Strike DSOMF ¶ 18**: The cited testimony from Marlene Butts does not support DSOMF ¶ 18 and Defendants' Appendix 3, Defendants' Supplemental Response to Request for Admissions, is comprised of out of court statements being offered as truth of the matter asserted and is hearsay without exception.

Rule 36 admissions "are still subject to the limitation on hearsay evidence and must fit within an exception to the rule to be properly admitted[.]" *Walsh v. McCain Foods Ltd.,* 81 F.3d 722, 726 (7th Cir. 1996); *see Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir. 1997) (aside from affidavits and deposition testimony, hearsay is inadmissible for summary judgment unless it falls within exception under Federal Rules of Evidence). It is true that admissions of a party-opponent are not hearsay, Fed. R. Evid. 801(d)(2), and thus may be considered in ruling on a motion for summary judgment. But Defendants are not

their own party opponents. Their answers to Rule 36 Requests for Admissions are therefore hearsay without exception.

Inasmuch as no admissible record evidence support DSOMF ¶ 18 that asserted fact should be stricken.

2.      (DSOMF ¶ 20): "Fun F/X hired Legacy Fire Protection Services, LLC ("Legacy") to perform fire protection inspection and testing activities, which Fun F/X understood and reasonably believed included inspection and testing of the sprinkler system." [Cao Dep. Tr. at p. 30:15-19; Defendants' Supplemental Responses to Request for Admissions, ¶¶ 21-22, 16 and 23 and Supplemental Response to Request for Admissions, ¶ 25].

**Basis to Strike DSOMF ¶ 20**: The cited Cao testimony does not support the second clause of the factual averment "…which Fun F/X understood and reasonably believed included inspection and testing of the sprinkler system." Defendants' Appendix 3, Defendants' Supplemental Response to Request for Admissions, is comprised of out of court statements being offered as truth of the matters asserted and is hearsay, without exception. See *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (aside from affidavits and deposition testimony, hearsay is inadmissible for summary judgment unless it falls within exception under Federal Rules of Evidence).

Inasmuch as no admissible evidence in the record supports the second clause of DSOMF ¶ 20, that asserted fact should be stricken.

3.      (DSOMF ¶ 23): "Between August 24, 2016 and the July 26, 2019 fire, Fun F/X maintained the components of the sprinkler system, over which they had control, by visually inspecting and ensuring that the post-indicator valves on the outside of the Building were in an open position, that water flow switches and alarm valves were on the risers and in an

3

operable condition, and that all of the sprinklers were in place and not missing" [Cao Dep. Tr. at pp. 15:1-16:2, 125:17-126:7, 126:14-127:14, 128:24-130:2, 132:25-134:9; Defendants' Supplemental Responses to Request for Admissions, ¶¶ 21-22, 16 and 23].

**Basis to Strike DSOMF ¶ 23**: The cited Cao testimony does not support the factual averments in DSOMF ¶ 23. Cao's testimony about how he maintained the system's components is that he "[M]ade sure they weren't leaking. They weren't broken. Everything was in good working order." Cao Dep., 127:13-14. Defendants' Appendix 3, Defendants' Supplemental Response to Request for Admissions, is comprised of out of court statements being offered as truth of the matter asserted and is hearsay, without exception. There is no admissible evidence in the record that Defendants performed the inspections asserted in DSOMF ¶ 23 and it should be stricken.

4.  (DSOMF ¶ 36): "Neither the north-south pipe nor the east-west pipe was owned, controlled, or operated by Fun F/X" [Cao Dep. Tr. at pp. 107:9-111:4, 113:2-115:2, 127:24-129:7, 130:3-135:16; Cao Dep. Exs. 43 and 71; Cao Dep. Exs. 69 and 70; Cao Dep. Ex. 34; Defendants' Supplemental Responses to Request for Admissions, ¶¶ 21-22, 16 and 23].

**Basis to Strike Exhibits Cited in Support of DSOMF ¶ 36**:

Cao Dep. Exh. 43 (Def. App. Exh. 12) is City Drawing 273. It was authenticated during Water Works Manager Horvath's deposition. However, the handwritten annotations denoting certain pipes depicted in Exh. 43 as "private" have never been authenticated. There is no record evidence about who made those annotations, why they were made, what they are intended to mean or whether they are accurate. The "Private" annotations in Exh. 43 is thus hearsay without exception and those annotations should be stricken.

Cao Dep. Exh. 71 (Def. App. Exh. 13) is a drawing Cao created based on the hearsay handwritten "private" annotations contained in Cao Dep. Exh. 43. Defendants offer Exh. 13 as truth of the matter asserted – that the "north-south pipe" is a public line owned by the City. There is no basis for Cao's Exh. 13 "Private" and "Not Private" test boxes other than the hearsay annotations from Exh. 43. Cao's text box annotations to Exh. 13 are thus wholly reliant on hearsay and are themselves hearsay.

The survey included in Cao Dep. Exh. 70 (Def. App. Exh. 10) was produced on the eve of Cao's deposition. It has never been authenticated. The survey purports to be certified to the parties designated therein but since no designees are identified the survey is not certified. The survey bears a notation "PRO FORMA" without explanation. The survey includes a notation that "Water System Information Provided by Owner." There has been no showing that Mr. Cao has personal knowledge or is otherwise competent to identify where the underground components of the "Water System" are located. The survey is offered for the purpose of trying to prove the truth of the asserted location of the water system components therein. The survey is hearsay without exception and should be stricken.

Cao Dep. Ex. 34; Defendants' Supplemental Responses to Request for Admissions, ¶¶ 21-22, 16 and 23, are comprised of out of court statements being offered as truth of the matters asserted and is hearsay, without exception, that should be stricken.

Since Cao's testimony cited in support of DSOMF ¶ 36 is based exclusively on hearsay documents, that testimony lacks foundation and should be stricken. DSOMF ¶ 36 is thus unsupported by any admissible evidence in the record and it should be stricken.

5.     (DSOMF ¶ 43): "Mr. Cao also contacted the City of South Bend Water Works on at least two occasions and was assured the water service to the sprinkler system's post-

5

indicator valves would be restored. Thus, he reasonably believed the City of South Bend had restored the water service after he became aware in September, 2017 of it being disconnected" [Cao Dep. Tr. at pp. 53:8-18, 54:23-55:3, 58:17-60:1, 61:14-19, 77:20-81:8, 115:12-116:9; Defendants' Responses to Request for Admissions, ¶¶ 5-6].

**Basis to Strike DSOMF ¶ 43**: Defendants offer DSOMF ¶ 43 to prove the truth of the matter asserted – that Cao was told water service to the sprinkler system would be restored. It's an out of court statement and is hearsay, without exception.

Defendants' Responses to Request for Admissions, ¶¶ 5-6 are hearsay and inadmissible. There is thus no admissible evidence cited that supports DSOMF ¶ 43, and it should be stricken.

6. (DSOMF ¶ 50): "NFPA 25 required Legacy to notify Fun F/X in writing if it discovered any impairment during any inspection, testing, or maintenance activity" [Butts Dep. Ex. 41 (Appendix Exhibit 15)].

**Basis for Striking DSOMF ¶ 50**: There is no foundation for admission of Appendix Exhibit 15, which is unauthenticated hearsay, without exception. DSOMF ¶ 50 should be stricken. Def. App. Exh. 15 should also be stricken because there is no admissible evidence in the record that could possibly allow its admission into evidence.

7. (DSOMF ¶ 51): "Fun F/X expected Legacy to advise them in writing, consistent with industry standards, if there were any impairments discovered during its fire protection inspection, testing, and maintenance activities" [Defendants' Response to Request for Admissions, ¶ 25 and Supplemental Responses to Request for Admissions, ¶¶ 5-9, 21-22, and 25].

6

**Bases for Striking DSOMF ¶ 51**: The first clause implies there is an industry standard requiring a writing advising of impairment to the sprinkler system. But there is no admissible evidence in the record of what any asserted standard might be. There is also no admissible evidence in the record demonstrating that Defendants were familiar with any industry standards such that they could harbor any reasonable expectations of compliance therewith. All reference to "industry standards" is therefore hearsay without exception. Cao's responses to requests for admissions are also hearsay without exception. Inasmuch as there is no admissible evidence cited that supports DSOMF ¶ 51 it should be stricken.

## II.   CONCLUSION

Because Defendants' Statement of Material Facts ¶¶ 18, 20 (the second clause), 23, 36, 43, 50 and 51 are either wholly unsupported by admissible evidence and/or based on inadmissible hearsay, each of those paragraphs should be stricken from Defendants' Memorandum in Support of Partial Motion for Summary Judgment or otherwise not considered by the Court as admissible evidence. The hearsay "Private" annotations to Defendants' Exhibit 12 should also be stricken, and since those hearsay annotations provide the sole basis for Cao's text box "Private" and "Not Private" annotations in Exhibit 13, that exhibit (Cao Dep. Exh. 71) should also be stricken as hearsay. The survey included in Defendants' Exhibit 10 lacks foundation, contains hearsay and should be stricken. Defendants' Exhibit 11 is comprised solely of out of court statements offered for truth of the matters asserted, is hearsay, and should be stricken. There is no foundation in the record for admission of Defendants' Exhibit 15 and it too must be stricken as hearsay.

WHEREFORE, Plaintiff/Counter-Defendant Frankenmuth Mutual Insurance Company respectfully prays for entry of an order striking Paragraphs 18, 20 (the second

clause), 23, 36, 43, 50 and 51 of Defendants' Statement of Material Facts, the "Private" annotations to Defendants' Exhibit 12 and the entirety of Defendants Exhibits 10, 11, 13 and 15 from the Memorandum in Support of Defendants/Counter-Plaintiffs Fun F/X II, Inc. and CAO Enterprises II, LLC's Motion for Partial Summary Judgment, and for such other relief as equity may require.

Respectfully submitted by,

DATED: December 28, 2021

*/s/ Bradford S. Moyer*
Bradford S. Moyer (#25964-49)
John F. Sullivan (P.H.V)
PLUNKETT COONEY
201 North Illinois Street
South Tower, Suite 16
Indianapolis, Indiana 46204
317.964.2738
317.964.2744 (fax)
bmoyer@plunkettcooney.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 28th day of December 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF. Parties may access this filing through the Court's system:

Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, IL 60602
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com

                                                  /s/ Bradford S. Moyer
                                                  Bradford S. Moyer (25964-49)

Open.03190.93584.27780025-1