UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

Plaintiff,

v.

FUN F/X II, INC., and CAO ENTERPRISES
II, LLC,

Defendants.

CAUSE NO. 3:20-CV-76 DRL

ORDER

In reviewing the pending summary judgment motions and motions to strike, the court revisited the question of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. American Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). The court previously ordered Frankenmuth Mutual Insurance Company to submit a supplemental jurisdictional statement addressing the court's jurisdiction. Frankenmuth filed a supplemental jurisdictional statement, but it remains defective.

The court ordered Frankenmuth to identify the members of Cao Enterprises II, LLC and their citizenship. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015-16 (2016); *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006). In its supplemental statement, Frankenmuth said "Cao Enterprises II, LLC is an Indiana limited liability company with its principal place of business and sole member residing in Indiana" [ECF 10 ¶ 5].

But Frankenmuth didn't identify the sole member of the LLC, much less whether that member was an individual, corporation, limited liability company, trust, or other entity. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992) ("impossible to determine diversity of citizenship without knowing who the persons in question are"). This need to identify isn't a passing one because different standards will apply to adjudge diversity jurisdiction based on the answer, and

glitches may lurk without that precision. *See, e.g., Egg Innovations, LLC v. CMC Food, LLC et al.*, __ F. Supp.3d __, Case No. 3:21cv775, ECF 26 (N.D. Ind. Jan. 25, 2022).

What's more, Frankenmuth only identified the generic member's residence, but not the member's citizenship. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Frankenmuth must plead citizenship, not residence, of any member of Cao Enterprises II, LLC to establish diversity jurisdiction. *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020).

To the good, Frankenmuth identified itself as a Michigan corporation with its principal place of business in Michigan. The citizenship of a mutual insurance company turns on the corporate form it is considered to be under applicable state law. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988). Here, it appears that a mutual insurance company may incorporate as a corporation under Michigan law. *See* MCLA § 500.5804 ("[a]ny number of persons, not less than 20 . . . may become together . . . a body corporate, for the purpose of carrying on the business of mutual insurance"). Frankenmuth has properly identified the state where it is incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Accordingly, the court ORDERS the parties to file an amended statement, albeit joint this time given the need for membership information of the defendant LLC, by February 7, 2022 that addresses the court's jurisdiction.

SO ORDERED.

January 27, 2022                    *s/ Damon R. Leichty*
                                    Judge, United States District Court