UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> FUN F/X II, INC. and CAO ENTERPRISES II, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:20-cv-76-DRL-MGG <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' OBJECTIONS TO TAXATION OF COSTS

Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, Defendants, Fun F/X II, Inc. and CAO Enterprises II, LLC (collectively "Fun F/X"), by their undersigned attorneys, object to certain costs sought by Plaintiff, Frankenmuth Mutual Insurance Company ("Frankenmuth"), to be taxed against Fun F/X. In support, and as grounds for these objections, Fun F/X state as follows:

Under Federal Rule of Civil Procedure 54(d), costs should be allowed to the prevailing party. Taxable costs are enumerated in 28 U.S.C. § 1920. Whether or not to award specific costs is within the discretion of the court. When taxing costs against a losing party, a court must determine two things: (1) whether the costs are recoverable under 28 U.S.C § 1920 and (2) whether the costs are reasonable and necessary. Although there is a heavy presumption in favor of the award of costs to the prevailing party, that party must prove with evidence, and not merely with *ipse dixit* statements, that the costs were actually incurred, were reasonable in amount, and were necessary. *Berry Plastics Corp. v. Intertape Polymer Corp.*, 2017 WL 167829, at *2 (S.D. Ind. Jan. 17, 2017).

1

Fun F/X objects to and opposes taxation of the following costs:

**Prepayment for CD with Records from Fire/EMS**

The only document submitted in support of this cost is a credit card receipt for $36.

Frankenmuth does not explain how this receipt relates to the purported description of the documents in its Bill of Costs. Nor does Frankenmuth explain what these records are or why they were necessarily obtained for use in the case.

Absent evidence regarding the documents in the CD, including the nature of the documents, the number of pages in the CD, the per page rate, and their use or intended use in this matter, this $36 cost should not be taxed against Fun F/X, as there is no evidence that the cost was reasonable and necessary. *Moore v. University of Notre Dame*, 22 F.Supp.2d 896, 914 (N.D. Ind. 1998) ("[W]hen the Court is unable to determine whether the copies in question were reasonably necessary for use in the case, the claim for such costs should be denied.").

**Pro Hac Vice Application**

The pro hac vice costs sought ($16, $180, and $96) are not expressly authorized by 28 U.S.C. § 1920, and are generally considered an expense of counsel, not the client. As such, the $282 in pro hac vice costs should not be taxed against Fun F/X. *See Local 881 United Food and Commercial Workers Union v. Food Club of Indiana*, 2011 WL 3501721, at *3 (N.D. Ind. August 10, 2011) ("The pro hac vice admission fees are not contained in the categorical list under § 1920 and must be borne by the party incurring the cost. Likewise, the cost of $20 to ship counsel's letters of good standing are not recoverable.").

**Bumpus Deposition Costs**

Frankenmuth seeks costs beyond the actual transcript of the deposition of Brandon Bumps i.e., a condensed transcript, a digital transcript, exhibits with tabs, color exhibits, and a processing and compliance fee.

Frankenmuth makes no showing as to why these incidental deposition costs were reasonable and necessary in addition to the original transcript it already had, and not merely a convenience to its counsel. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.,* 750 F. Supp. 2d 962, 69 (N.D. Ill. 2010) ("Costs incurred merely for the convenience of the prevailing party may not be recovered."). Absent an explanation justifying these expenditures, these $106.60 in costs should not be taxed against Fun F/X. *See Kuberski v. Rev. Recreation Group Inc.*, 2021 WL 327513, at *3 (N.D. Ind. Jan. 14, 2021).

Frankenmuth also seeks a per-page cost of the transcript, $4.95, that is higher than the appropriate rate set by this Court's General Order 2018-3, which is $3.65 per page. Thus, the maximum Frankenmuth may recover is $292, and not $396. *See Kaiser v. Johnson & Johnson*, 2018 WL 3989467, at *3 (N.D. Ind. August 20, 2018).

**Bumpus Videographer Cost**

Frankenmuth seeks to recover costs related to videotaping the deposition of Brandon Bumps.

The video was not obtained for use in connection with the cross-motions for summary judgment, and thus was not necessary. Moreover, given the existence of a transcript for the same witness, the video was further unnecessary, and Frankenmuth offers no reason why both were necessary. *See Endotach LLC v. Cook Medical LLC*, 2016 WL 912681, at *3 ("Video transcript costs are includible for reimbursement in a bill of costs under certain circumstances. Those that

are necessary for trial and those for which no deposition transcript was ordered may be eligible. Here, because transcripts were prepared and because there is no showing that these videos were necessary for court presentation, the fees are not allowed."); *Moore v. University of Notre Dame*, 22 F.Supp.2d at 915 ("Transcripts and videotapes are two versions of the same deposition. Moore can recover the cost of one or the other, but not both.").

Nor has Frankenmuth articulated why the amount sought is reasonable, in particular the cost for synchronizing the video and the cost for handling. *Berry Plastics Corp.,* 2017 WL 167829, at *2.

Because the video was not necessary and was solely for the convenience of Frankenmuth's counsel, this $358 cost should not be taxed against Fun F/X.

**Krizmanich Deposition Costs**

Frankenmuth seeks costs beyond the actual transcript of the deposition of Robert Krizmanich i.e., a condensed transcript, a digital transcript, exhibits with tabs, color exhibits, and a processing and compliance fee.

Like the Bumpus deposition costs, Frankenmuth has not established that these incidental deposition costs were reasonable and necessary, and not merely a convenience to its counsel. *See Endotach LLC v. Cook Medical LLC*, 2-16 WL 912681, at *3 (S.D. Ind. March 10, 2016) ("It is appropriate to note that the general rule is that features ordered from a reporter not by necessity but for the convenience of the attorneys claiming reimbursement of the costs will not be awarded."). This $81 cost should not be taxed against Fun F/X.

Like the Bumpus deposition transcript cost, Frankenmuth also seeks a per-page cost of the Krizmanich transcript, $5.85, that is not only significantly higher than the Bumpus deposition per-page cost, but it also is higher than the appropriate rate set by this Court's General Order 2018-3,

which is $3.65 per page. Accordingly, the maximum Frankenmuth may recover is $215.35, and not $345.15.

### Krizmanich Videographer Cost

Frankenmuth seeks to recover costs related to videotaping the deposition of Robert Krizmanich.

The video was not obtained for use in connection with the cross-motions for summary judgment, and thus was not necessary. Moreover, given the existence of a transcript for the same witness, the video was further unnecessary. Nor has Frankenmuth demonstrated that the cost is reasonable, in particular the cost for synchronizing the video and the cost for handling.

Because the video was nothing more than a convenience to Frankenmuth's counsel, this $305 cost should not be taxed against Fun F/X.

### Cao Deposition Costs

Frankenmuth seeks costs beyond the actual transcript from the first session of the deposition of Victor Cao i.e., a condensed transcript, a digital transcript, exhibits with tabs, black and white and color exhibits, expedited delivery of the transcript, and a processing and compliance fee.

Like the Bumpus and Krizmanich deposition costs, Frankenmuth makes no showing as to why these incidental deposition costs were reasonable and necessary. These costs, which include a $517.73 cost for an expedited transcript delivery before the second session of Mr. Cao's deposition, are costs incurred solely for the convenience of Frankenmuth's counsel. Accordingly, they should not be taxed against Fun F/X,

Like the Krizmanich deposition transcript cost, Frankenmuth also seeks a per-page transcript cost for the first session of the Cao deposition, $5.85, that is significantly higher than

the appropriate rate set by this Court's General Order 2018-3, which is $3.65 per page. Therefore, the maximum Frankenmuth may recover is $646.05, and not $1,035.45.

Frankenmuth also did not provide any itemization of the $1,050.53 cost for the transcript for the second session of the Cao deposition. If it is like the other deposition costs, then it is extremely likely that Frankenmuth is seeking incidental deposition costs that were unnecessary, as well as a per-page cost that is higher than the $3.65 per page rate set by this Court's General Order 2018-3. The $1,050.53 cost for the transcript for the second session of the Cao deposition should not be taxed without such an itemization.

**Cao Videographer Cost**

Frankenmuth seeks to recover costs related to videotaping both sessions of Victor Cao's deposition.

The videos were not obtained for use in connection with the cross-motions for summary judgment, and thus were not necessary. Moreover, given the existence of the transcripts for the same witness, the video was further unnecessary.

Frankenmuth also did not provide an itemization regarding the $306.25 video cost, like it did with the $931.25 video cost. Furthermore, the documentation produced in support of these costs reflect that there were no costs for synchronizing the video or for handling, thus demonstrating that these same costs for the other video depositions were not necessary. This $931.25 cost should not be taxed against Fun F/X.

**Horvath Deposition Transcript**

The invoice produced in support of this cost does not reflect whether it includes items other than the actual transcript cost. The cost documentation produced by Frankenmuth for the other depositions reflect that they included more than the cost of the actual transcript. Fun F/X thus

disputes this cost for lack of sufficient documentation supporting the taxation of this cost, including lack of documentation as to the per-page cost of the transcript.

**Examination under Oath Transcript of Victor Cao**

An examination under oath is a statement under oath required by the applicable insurance policy following an insurance claim and taken prior to litigation. *Morris v. Econ. Fire & Cas. Co.*, 848 N.E.2d 663, 66 (Ind. 2006) . It is not a deposition, and thus not a taxable cost under 28 U.S.C § 1920(2).

Even if it was a deposition, the transcript was not used in connection with the cross-motions for summary judgment. Nor was it necessarily obtained for use in this case, as evidenced by the fact that Mr. Cao was deposed notwithstanding his examination under oath testimony in November, 2019, two months before suit was filed by Frankenmuth.

At best, the examination under oath transcript was for Frankenmuth's convenience, used as an aid in investigating the underlying insurance claim. Accordingly, this $603.36 cost should not be taxed against Fun F/X.

The invoice produced in support of this cost also does not reflect the per-page cost of the transcript. Nor does it reflect whether it includes items other than the actual transcript cost. Fun F/X thus disputes this cost for lack of sufficient documentation supporting its taxation, including lack of documentation as to the per-page cost of the transcript.

**Court Reporter Appearance Fees**

Lastly, Frankenmuth seeks to recover court reporter appearance fees for attending the Bumps, Krizmanich, Horvath, and Cao depositions. But, these fees may be taxed only to the extent that the fee, when added to the per page rate charged for the transcript, does not make the total

7

charge per page exceed the 2018-3 General Order rate, which is the case. *Berry Plastics Corp.,* 2017 WL 167829, at *3.

### Love and Butts Deposition Exhibits

Frankenmuth seeks $151.20 in costs for the court reporting service to copy the pre-marked exhibits used in these two depositions. But, the copying costs were unnecessary, as the exhibits were emailed to Frankenmuth's counsel prior to the depositions, as reflected in Exhibit A. Accordingly, this $151.20 cost should not be taxed against Fun F/X.

Wherefore, Defendants, Fun F/X II, Inc. and CAO Enterprises II, object to the following costs sought by Plaintiff, Frankenmuth Mutual Insurance Company, being taxed against Fun F/X: (1) Examination under Oath Transcript of Victor Cao; (2) prepayment for CD with Records from Fire/EMS; (3) Pro Hac Vice Application costs; (4) Bumpus Deposition costs; (5) Bumpus Videographer cost; (6) Krizmanich Deposition costs; (7) Krizmanich Videographer cost; (8) Cao Deposition costs; (9) Cao Videographer cost; (10) the Horvath Deposition Transcript cost; (11) Court Reporter appearance fees; and (12) Butts and Love Deposition Exhibit copying costs.

/s/ Edward Eshoo, Jr
Edward Eshoo, Jr.
Christina M. Phillips
Merlin Law Group
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of May, 2022, a true and correct copy of the foregoing document was served upon the below counsel of record via the Court's electronic filing system:

Bradford S. Moyer
John F. Sullivan
PLUNKETT COONEY
300 N. Meridian Street, Suite 990
Indianapolis, Indiana 46204

        /s/ Edward Eshoo, Jr
        Edward Eshoo, Jr.
        Christina M. Phillips
        Merlin Law Group
        181 West Madison, Suite 3475
        Chicago, Illinois 60602
        Telephone: (312) 260-0806
        Facsimile: (312) 260-0808
        eeshoo@merlinlawgroup.com
        cphillips@merlinlawgroup.com
        *Attorneys for Defendants*